IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENIRO MARKETING, LLC,

     Plaintiff,                              No. CIV S-08-0759 JAM DAD

     v.

NEW EDGE MEDIA, INC., et al.,      ORDER

     Defendants.

_____/

        The parties have submitted a stipulated protective order that includes the following provision:

> All documents of any nature (including any of the foregoing documents as well as any other documents including briefs, motions, transcripts, etc.) filed with the Court for any purpose and which contain and/or are marked CONFIDENTIAL INFORMATION shall be filed in sealed envelopes or other sealed containers marked with the title of the proceeding, and generally identifying each document and thing within and bearing a statement substantially in the following form:
> **"CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER".**

Proposed Stipulated Protective Order filed Dec. 2, 2008, ¶ 11.  The stipulated protective order also provides that a document or tangible thing containing both confidential and non-confidential information shall be treated in its entirety as a confidential document or thing if it is impractical to separate the confidential information from the non-confidential information.  Id., ¶ 3.

1

All documents filed with the court are presumptively public.[1]  See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case.  Fed. R. Civ. P. 26(c).  Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b).  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information").  A protective order will not be entered absent a showing of good cause.  Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's mere desire for a protective order does not constitute good cause to bar the public from access to litigation documents.  Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, a particular and specific need for protection.  Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187 F.3d at 1102-03.

/////

---

[1] A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1  "If a court finds particularized harm will result from disclosure of information to
2  the public, then it balances the public and private interests to decide whether a protective order is
3  necessary." Phillips, 307 F.3d at 1211.  Accordingly, a stipulation or a motion for entry of a
4  protective order must show a particularized need for protection as to each individual document or
5  piece of information proposed to be covered by the order, must show why the need for protection
6  should be addressed by court order as opposed to a private agreement between or among parties,
7  and must describe the types of documents or information eligible for protection under the order,
8  with the description provided in general terms sufficient to reveal the nature of the types of
9  documents or information.  See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket
10 stipulated protective orders "are inherently subject to challenge and modification, as the party
11 resisting disclosure generally has not made a particularized showing of good cause with respect
12 to any individual document").
13          Just as the court will not enter a discovery order or a protective order that enables
14 the parties to designate so much material as "confidential" that, in essence, entire case filings are
15 sealed, the court will not approve an order giving blanket authority to the parties to designate
16 what will be filed under seal.  Here, the stipulated protective order proposed by the parties would
17 give the parties blanket authority to file documents under seal.  Request for entry of the order as
18 proposed will be denied without prejudice to the submission of an amended stipulated protective
19 order that cures this defect.
20          The parties' amended stipulated protective order may, of course, provide that if
21 confidential material is included in papers to be filed with the court, the confidential portion of
22 the document or tangible thing shall be submitted separately from non-confidential material with
23 a proposed sealing order, in conformity with Local Rule 39-141, pending the court's
24 determination of the claim of privilege by appropriate motion.
25 /////
26 /////

Accordingly, IT IS ORDERED that the parties' December 2, 2008 proposed stipulated protective order (Doc. No. 15) is denied without prejudice.

DATED: December 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\deniro0759.ord.spo