GREGORY T. MEATH (State Bar No. 180495)
MEATH & PEREIRA
20 North Sutter Street, Suite 200
Stockton, CA 95202-2911
Ph. (209) 942-3300
Fx. (209) 942-3302
greggmeath@hotmail.com

Attorneys for Plaintiff:
DENIRO MARKETING, LLC.
A California Limited Liability Company

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| DENIRO MARKETING, LLC<br>A California Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>NEW EDGE MEDIA INC. a California corporation, individually and D/B/A MEONYOU.COM; STEPHEN CORGIAT; and MARISSA L. NICKNIG<br><br>Defendants. | E.D. Case No.  2:08-CV-00759-JAM-DAD<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>[Fed. R. Civ. Proc. 26(c)] |

**WHEREAS**, during the course of this proceeding, the parties hereto may seek to obtain discovery of information which the party from whom discovery is sought considers to be a trade secret or other confidential research, development, or commercial information which that party does not ordinarily disclose to the public; and

**WHEREAS**, the parties to this action are competitors and as such desire that confidential information not be disclosed directly to the opposing parties, except as provided herein;

/ / /

/ / /

/ / /

**NOW, THEREFORE**, upon consideration of the record and proceedings herein and pursuant to the provisions of Rule 26(c), Fed. R. Civ. P., the parties hereby stipulate and agree and respectfully request Court approval of their stipulated agreement, as follows:

**IT IS ORDERED THAT**:

## A.  Information Subject To This Order

1. For the purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean:

   (a) Customer lists, including but not limited to identities of customers, contact information, ordering history, ordering preferences, and product preferences;

   (b) Vendor lists, including but not limited to identities of vendors, contact information, ordering history, ordering preferences, and product pricing;

   (c) Current and past employee information, including but not limited to contact information, skill sets, duties, and performance-related information;

   (d) Financial information of the entity parties, including but not limited to sales information, costs of goods and services, profit and loss information, financial statements, and company earnings;

   (e) The names, addresses and telephone numbers of contractors, consultants, or any other individual or entity hired, retained, or contracted with to provide goods and/or services to the parties herein;

   (f) Contracts, invoices, purchase orders, or other information relating to sales, purchases, or other business-related income, expenses, or services provided by or received by the parties herein;

   (g) Computer programs, including but not limited to those designed for member registration, member searching, member matching, internal member-to-member mail, external mail, member photo upload, and operation of "who's online" function;

   (h) Databases referring or relating to the parties' websites;

   (i) All material, information, or things which the producing party considers in good faith to contain or to constitute trade secrets or other confidential research,

development, or commercial information (including sales, financial, and like business information) that the producing party does not ordinarily disclose to unaffiliated persons, whether embodied in documents, things or the factual knowledge of persons, and which has been so designated by the producing party in the manner set forth hereafter.

2. CONFIDENTIAL INFORMATION contained in physical objects or documents, including without limitation, any transcripts, exhibits, answer to interrogatories and other discovery requests, or copies thereof, shall be either designated by stamping or affixing thereto the legend "CONFIDENTIAL" on each page of any document for which protection is being sought herein or identified as CONFIDENTIAL INFORMATION by a party or its attorney in writing or on the record of a deposition. Any information contained in any document or object so designated shall be handled in accordance with this Order.

3. Where any documents or tangible things contain or reveal both CONFIDENTIAL INFORMATION and non-confidential information, and it is impractical to separate physically the CONFIDENTIAL INFORMATION from the non-confidential information, the cover page and the first page of each such document or thing shall visibly bear the words "CONTAINS CONFIDENTIAL INFORMATION," in addition to any other marking the confidential portions of such document or thing may bear, in accordance with subparagraph (a) hereinabove. Any such document or thing shall be treated in its entirety in accordance with the provisions of this Protective Order.

4. ALL CONFIDENTIAL INFORMATION not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as such pursuant to paragraph 2 shall be designated by the producing party by informing the receiving party in writing.

5. The designation of CONFIDENTIAL INFORMATION pursuant to this Order shall not be construed as a concession by either party that such information is relevant or material to any issue or is otherwise discoverable, or is in fact confidential or a trade secret.

6. When producing original files, records, and materials for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the

inspection, all documents and materials shall be considered marked as CONFIDENTIAL INFORMATION. Thereafter, upon selection of specified documents and materials for copying by the inspecting party, or if copies are to be produced in lieu of producing original documents for inspection, the producing party shall mark the copies of such documents and materials "CONFIDENTIAL" in accordance with this Order.

### B. Persons Authorized To Receive CONFIDENTIAL INFORMATION

8. For the purposes of this Order, persons authorized to receive CONFIDENTIAL INFORMATION (hereinafter "Qualified Recipient") shall include only:

(a) outside attorneys of record retained by the receiving party, as well as members of the paralegal, secretarial, or clerical staff who are assisting in connection with this proceeding, and specifically excluding in-house counsel from the coverage of this subparagraph;

(b) in-house counsel for the parties, as well as members of their paralegal, secretarial, or clerical staff, who are assisting or supervising in connection with this proceeding;

(c) shorthand reporters who take and transcribe testimony in connection with this proceeding, as well as necessary secretary and clerical assistants;

(d) third-party experts or independent consultants who are not employees of either party, engaged by counsel or by the parties to assist in this proceeding, provided that each such expert or independent consultant signs an undertaking prior to receiving any documents or materials containing CONFIDENTIAL INFORMATION, in the following form:

> **The undersigned has read the Stipulated Protective Order governing this proceeding and hereby agrees that he/she: (1) shall fully abide by the terms thereof; (2) shall not disclose CONFIDENTIAL INFORMATION to or discuss CONFIDENTIAL INFORMATION with any person who is not authorized to receive the disclosure thereof; and (3) shall not use CONFIDENTIAL INFORMATION for any purpose other than for the purposes of this proceeding.**

A copy of the undertaking and a resume of the expert or independent consultant shall be served upon the producing party at least fifteen (15) days prior to the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant.

(e)     If, prior to the expiration of the 15-day period, the producing party objects in writing to the disclosure of CONFIDENTIAL INFORMATION to an expert or consultant and the parties negotiate a compromise, or if the producing party files a motion seeking to restrain the prospective disclosure, then no disclosure shall be had until a compromise is reached or a ruling on the motion is made.  If the objection is timely raised within the 15-day period and the producing party concludes that it is necessary to seek a protective order against disclosure, the producing party must serve notice of this conclusion upon the receiving party.  The producing party will have 15 days from service of the notification to file a motion if it so chooses.

(f)     Personnel of the Court.

(g)     Proprietary source code, computer programs, databases, and the like used by the parties for their respective web-based businesses shall be disclosed only to third party experts or independent consultants (1) who are not employees of either party, and (2) who have been identified and designated pursuant to subparagraph (d) above. Disclosure of the referenced information to the parties' attorneys as necessary to understand and prepare the case is permitted; however, such information shall not be disclosed to any party, employee of a party, or other agent of the non-disclosing party.

### C.  Limitations On The Use Of CONFIDENTIAL INFORMATION

9.     CONFIDENTIAL INFORMATION shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this proceeding or any appeal, and shall not be disclosed to any person who is not a Qualified Recipient.  Each party shall use its best efforts to maintain all produced CONFIDENTIAL INFORMATION so as to prevent access, even at hearing or trial, by the officers and employees of the receiving parties who are not Qualified Recipients.  In particular, and without limiting the foregoing, no technical

or business employee of any receiving party shall be given access to CONFIDENTIAL INFORMATION of any producing party, nor shall the contents or substance of any CONFIDENTIAL INFORMATION be disclosed to any such person, except as provided in this Order.

10.     Nothing herein shall restrict a Qualified Recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL INFORMATION for use in connection with this proceeding and such working copies, abstracts, digests, and analyses shall be deemed CONFIDENTIAL INFORMATION under the terms of this Order.

11.     If CONFIDENTIAL INFORMATION is included in papers to be filed with the court, the confidential portion of the document or tangible thing shall be submitted separately from NON-CONFIDENTIAL INFORMATION with a proposed sealing order, in conformity with Local Rule 39-141, pending the court's determination of the claim of privilege by appropriate motion.

12.     Persons who are not Qualified Recipients under the Order may be examined as witnesses at depositions and trial and may testify concerning all CONFIDENTIAL INFORMATION of which such persons have prior knowledge.

13.     Depositions.

(a)     At deposition, when the anticipated answer to a question would result in the disclosure of CONFIDENTIAL INFORMATION, any person may designate the proceedings from that point forward as confidential.  Upon such a designation being made, only Qualified Recipients, the witness and his attorney, and representatives (bona fide directors, officers, etc.) of the party whose CONFIDENTIAL INFORMATION is being elicited may remain at the deposition; all others must leave the room until such time as the testimony of non-confidential information resumes.  Parties and their counsel are under an obligation to act in a manner which allows the orderly conduct of depositions, does not impede the interrogating party's right to conduct questioning of the

witness without undue interruption, and respects the right of parties to be present whenever possible.

(b) After receipt of the deposition transcript, all parties shall have thirty (30) days to identify additional portions of the testimony and exhibits that are deemed to include CONFIDENTIAL INFORMATION. Until the end of the 30-day period, no portion of the transcript or exhibits shall be revealed to anyone other than Qualified Recipients. After any further designation of CONFIDENTIAL INFORMATION is made by any party, the reporter shall promptly conform the original copy and counsel shall conform their copies in accordance with the requesting attorney's designation. The portions so designated shall be separated and treated as CONFIDENTIAL INFORMATION as provided in paragraph 1 of this Order.

14. Production of all documents and things shall be carried out in one of the following ways:

(a) The producing party shall make available documents and things for inspection to outside counsel for the receiving party. All documents and things produced for such inspection shall initially be deemed CONFIDENTIAL INFORMATION. At said inspection, outside counsel for the receiving party shall specify to outside counsel for the producing party those documents which it requests to have copied for further use in these proceedings. Outside counsel for the receiving party shall not disclose to any person other than a Qualified Recipient at any time the contents of any document that is not so specified to be copied. The producing party shall then produce copies of the documents and things so specified to outside counsel for the receiving party and may designate documents and things as CONFIDENTIAL in accordance with paragraph 1 above.

(b) The producing party may send to opposing counsel, via overnight courier or other mutually agreeable delivery method, copies of responsive documents bearing the CONFIDENTIAL designation. Upon request of the receiving party, the original of any

   document so produced shall be made available for inspection upon reasonable notice and in a manner designed to safeguard the integrity of the original of any document.

  15. This Order shall be without prejudice to the right of any party to oppose production of any information on any ground, including one based on the presence of CONFIDENTIAL INFORMATION.

  16. The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL INFORMATION, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Upon discovery of inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate to restore the confidentiality of the inadvertently disclosed information, but no consequences shall attach to the receiving party's disclosure of such inadvertently disclosed information made prior to its being notified of the claim of confidentiality.

  17. It is agreed that a knowing and intentional breach of this Order may result in damages that would be impractical or extremely difficult to determine.  Accordingly, the parties agree that, in the event of such a breach, the Court shall determine the appropriate compensation under the circumstances and the aggrieved party shall be permitted to present evidence to the Court to be considered by the Court in its determination of damages.

  18. If any party to this Order brings a claim that another has knowingly and intentionally breached the terms of this Order, the prevailing party in that dispute shall be entitled to recover reasonable attorney fees and costs in addition to any other available relief.

  19. None of the terms or requirements herein may be waived, unless by a writing signed by the party or counsel of record for the party against which such waiver will be effective.

  20. Within sixty (60) days of final termination of this proceeding or any appeals therefrom, all parties shall destroy or return all original materials produced and designated as CONFIDENTIAL INFORMATION to the producing party, and shall destroy, in whatever form

stored or reproduced, all other materials which contain or refer to CONFIDENTIAL INFORMATION including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials. The receiving party shall provide written confirmation of its compliance with this paragraph.

21. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. The entry of this Order shall be without prejudice to the rights of any party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, if necessary, as to any specific information, documents, testimony or things.

22. By signing below, the parties' counsel agree as between themselves and on behalf of their respective clients to be immediately mutually bound by all of the obligations and restrictions applicable to them as set forth herein until such time as this particular Order is entered and superseded by the Court, or any reviewing Court, in its present form.

23. By signing below, the signatories submit to the jurisdiction of the Federal Courts of the Eastern District of California for purposes of enforcing this Order.

24. Acceptance or production by a party of any information, document, or thing designated as CONFIDENTIAL INFORMATION shall not constitute a concession that the information, document or thing is confidential, privileged, subject to discovery, relevant, or admissible in evidence.

[*signatures appear on next page*]

| | | |
|---|---|---|
| 1 | DATED: December 19, 2008 | MEATH & PEREIRA |
| 2 | | ATTORNEYS AND COUNSELORS |
| 3 | | |
| 4 | | By: /s./ Gregory T. Meath |
| | | Gregory T. Meath |
| 5 | | Attorneys for Plaintiff |
| | | DENIRO MARKETING, LLC |
| 6 | | |
| 7 | DATED: December 19, 2008 | MILLSTONE PETERSON & WATTS. LLP |
| | | Attorneys at Law |
| 8 | | |
| 9 | | By: /s./ Jeremy S. Millstone |
| | | ___JEREMY S. MILLSTONE |
| 10 | | Attorneys for Defendants |
| | | NEW EDGE MEDIA INC. a California |
| 11 | | corporation, individually and D/B/A |
| | | MEONYOU.COM; STEPHEN CORGIAT; |
| 12 | | MARISSA L. NICKNIG |

### E-FILING SIGNATURE ATTESTATION

I hereby attest that I have been expressly authorized by opposing counsel to affix his or her signature above as indicated by a "conformed" signature (/S/) within this e-filed document.

November 10, 2008                           /s/ Gregory T. Meath
                                            GREGORY T. MEATH

**[Submitted via E-Filing]**

**ORDER**

~~This order is deemed to satisfy the requirements of Local Rule 39-138(b) with respect to all documents submitted pursuant to this stipulated protective order.~~ [1]

IT IS SO ORDERED:

DATED: December 19, 2008.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　DALE A. DROZD
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/deniro0759.protectord

---

[1] Local Rule 39-138(b), which governs the submission of administrative records, does not appear to be relevant to this stipulated protective order. If the parties intended to refer to Local Rule 39-140(b), which requires a court order for redactions other than those listed in Local Rule 39-140(a), the parties are advised that the court does not grant blanket authorizations to redact all material designated as confidential pursuant to a stipulated protective order.