IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENIRO MARKETING, LLC, a California Limited Liability Company,

    Plaintiff,

  v.

NEW EDGE MEDIA, INC., a California corporation, individually and D/B/A MEONYOU.COM; STEPHEN CORGIAT; MARISSA L. NICKNIG; and DOES 1 through 25,

    Defendants.
_____/

No. 2:08-CV-00759-JAM-DAD

ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER EXTENDING TIME FOR DISCOVERY

    Deniro Marketing, LLC ("Plaintiff") brought this action against New Edge Media, Inc., individually and d/b/a/ meonyou.com, Stephen Corgiat, and Marissa L. Nicknig (collectively, "Defendants") for copyright infringement, breach of contract, misappropriation of trade secrets, unfair competition, and false advertising on April 8, 2008. On April 15, 2009, the date on which discovery closed, Plaintiff filed an Ex Parte Application for Order Extending Time for Discovery.

1

Defendants opposed the Ex Parte Application. For the reasons stated below, Plaintiff's Ex Parte Application is DENIED.

BACKGROUND

Plaintiff filed its Complaint on April 8, 2008. Docket at 1. On June 18, 2008, this Court in its Pre-Trial Scheduling Order set discovery to close on February 27, 2009. Docket at 12. On February 20, 2009, this Court extended the discovery deadline to April 15, 2009 according to the stipulation of the parties. Docket at 21. Plaintiff seeks to extend discovery until June 10, 2009.

Plaintiff first propounded written discovery on Defendants on February 19, 2009. Millstone Decl. ¶ 12. On March 20, 2009, Defendants responded to Plaintiff's request for documents, objecting to most of the requests. Id. ¶ 14. At a deposition on March 18, 2009, the parties also discussed the possibility of retaining a mutual expert. Plaintiff attempted to contact Defendants regarding a mutual expert, the production of documents, and responses to interrogatories but received no reply until April 14, 2009. Plaintiff seeks to extend time for discovery in order to bring a motion to compel.

OPINION

A district court's pretrial scheduling order shall not be modified absent a showing of "good cause." Fed.R.Civ.P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot

reasonably be met despite the diligence of the party seeking the extension.'" Johnson, 975 F.2d at 609 (quoting Fed.R.Civ.P. 16 advisory committee's note (1983 amendment)). The focus of the inquiry is on the moving party's reasons for seeking modification, not the prejudice caused to the party opposing the modification. Id. If the moving party is not diligent, the inquiry ends. Id.

To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). Finally, the Ninth Circuit has stated that 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' Johnson, 975 F.2d at 609.

Plaintiff has not demonstrated that there is good cause to extend time for discovery. Plaintiff waited nearly a year after filing its Complaint and just ten days before the initial discovery deadline to propound written discovery. Although Plaintiff argues that it needs to bring a motion to compel due to Defendants' failure to produce documents and answers to interrogatories, the Court's Pre-Trial Scheduling Order requires

3

that any disputes related to discovery must have been resolved by April 15, 2009.  Furthermore, Plaintiff did not seek to modify the scheduling order until April 15, 2009, the date on which discovery closed.  Because it was Plaintiff's delay in propounding discovery that prevented it from bringing a motion to compel before the discovery deadline, good cause is not present.  Accordingly, Plaintiff's Ex Parte Application for Order Extending Time for Discovery is DENIED.

IT IS SO ORDERED.

Dated: April 24, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE